MARY V. SCHLINKER, Respondent, v. FRANCIS JASZ-KOWIAK, Appellant.

(232 N. W. 897.)

Opinion filed October 14, 1930. Rehearing denied November 20, 1930.

*F. E. McCurdy,* for appellant.

*William Langer* and *P. H. Butler,* for respondent.

NUESSLE, J. The plaintiff was run over by a truck driven by the defendant's agent and seriously injured. She sued for damages, claiming that the accident resulted on account of the defendant's negligence. The defendant, answering, denied any negligence on his part and set up that the plaintiff was herself guilty of contributory negligence. The case was tried to a jury. The plaintiff had a verdict. Defendant moved for judgment notwithstanding the verdict or for a new trial. The motion was denied and judgment was entered on the verdict. The defendant appeals.

On this appeal the defendant complains on account of rulings on questions of evidence; on account of instructions as given by the trial court; and challenges the sufficiency of the evidence to sustain the verdict.

There is no question but that the plaintiff was run over by a truck driven by the defendant's agent in the course of his employment, and was seriously injured. The defendant concedes that if the plaintiff is entitled to a verdict, that which was returned by the jury is not excessive. While the defendant also urges error on account of rulings on questions of evidence and on account of erroneous instructions, the principal ground on which he relies for a reversal is that the evidence is not sufficient to sustain the verdict in that it does not appear therefrom that the defendant was negligent, and does appear that the plaintiff herself was negligent, and that such negligence on her part was the proximate cause of the accident and injury. The questions of negligence and contributory negligence were submitted to the jury and the jury having found adversely to the defendant the verdict must stand unless it can be said as a matter of law that there was no negligence on the part of the defendant or that the plaintiff herself was guilty of con-

tributory negligence. In determining these questions that view of the facts must be adopted which is most favorable to the plaintiff.

Avenue B is a street running east and west through the city of Bismarck. It intersects Anderson street at right angles in the western outskirts of the city. The block west of Anderson street and north of Avenue B is not fully built up and the city has graded a cut-off highway beginning at the intersection of Avenue B and Anderson street, and running northwest diagonally across this block. There is a gentle slope up from the southeast corner of the block to the northwest corner. This highway was graded with a blade grader, was from 12 to 20 feet wide, high in the center, with 20 inch vertical banks on each side. Weeds of considerable height had grown on these banks. There were no sidewalks for pedestrians on either side of this highway. Avenue B was paved to within one block of Anderson street. From the paving to Anderson street it was graded and surfaced and the surface was hard, almost like paving. On November 13, 1928, the plaintiff, a vigorous, athletic young woman, had gone for an early morning walk. Just at the break of day she was walking back along the cut-off toward Avenue B. The morning was foggy and dark. She was walking on the right side close to the south bank. When she was 25 or 30 feet from the point where the cut-off intersected Avenue B, she observed the lights of an automobile approaching from the east along Avenue B. It was then about a block away and was running very rapidly, 35 to 45 miles an hour. She thought the machine was going to continue west along Avenue B but instead it turned into the cut-off and ran directly toward her. She heard no horn or signal sounded. She thought it was about to run her down and attempted to get out of the way. It was then 6 or 8 feet from her. In attempting to get out of the way she ran two or three steps to the left across to the north side of the road. Just as she ran to the left of the machine, a truck belonging to the defendant, also turned to that side of the road and the right front wheel struck and ran over her. The driver put on the brakes and attempted to stop the truck. The right wheel struck the north bank and left a vertical mark there some 3 inches deep. After it hit the bank it rebounded and came to a standstill. The driver at once got out of the truck and found the plaintiff prostrate just behind the right front wheel.

The driver says that the lights on the truck were on; that as he ap-

proached Anderson street along Avenue B he was running about 25 miles an hour; that he was familiar with this road and drove along it each morning as he went to his work; that there was a slight depression just where the cut-off intersected Avenue B and that the ground there was very rough; that he slowed down to 15 or 18 miles an hour just as he turned into the cut-off; that he continued on the right side (the north side of the road); that he saw the plaintiff when he was within about 50 feet of her; that he sounded the horn and the plaintiff who was on his right side of the road ran first to the south side and then back in front of the truck; that when the truck struck her it was going not to exceed 13 miles an hour; that he put on the brakes and tried to avoid hitting her by driving into the bank; that the truck struck and "side-swiped" the bank and came to a standstill within 10 feet after he struck her; that he at once got out and found the plaintiff just behind the right front wheel. Two police officers, Martineson and Smith, testify that when the driver reported the accident to the police department, as he did that afternoon, he told them that he was "speeding" and that he did not see the plaintiff "until he was right on top of her." The jury having returned a verdict for the plaintiff we must accept that version of the evidence most favorable to the plaintiff as being the correct one.

Under the facts as thus disclosed and found, can it be said as a matter of law that the defendant was not negligent or that the plaintiff was herself guilty of contributory negligence?

It is true that the plaintiff, had she remained on the right side of the road where she was when she thought she was about to be run down, would have escaped injury, for apparently just at the moment when she ran across the road in an effort to avoid being hit the driver also turned the truck across the road and thus she was run down. There were no walks along this highway. The plaintiff had the right to pass along the highway as she was doing, subject to the rules of the road. Because she was a pedestrian did not absolve the defendant's agent from the duty of using due care with respect to her. She believed herself in danger. The apparent danger was imminent. She was required to act instantly without consideration or reflection. She would have escaped injury had she stepped up on the south bank. Instead she ran north across the road. She said she did this "because there was an embankment about 20 inches high and I didn't have a chance to get over it.

I thought the other way I could dodge him. I could not jump over it that quick. It was too high." Whether either the defendant's driver or the plaintiff was negligent depends upon whether they exercised such care as is usually exercised by ordinarily prudent individuals under the same or similar circumstances. There is or can be no fixed or absolute standard by which negligence in such a case can be measured. Both plaintiff and the driver were in duty bound to use and exercise ordinary care. Without discussing the matter further it seems to us sufficient to say that whether they did so was for the jury to determine.

The defendant complains because of rulings of the trial court with respect to the admission of evidence. Under cross-examination counsel for the defendant inquired of the plaintiff as to why she had run across the road to the north instead of stepping up on the south bank. She replied "I could not jump over it that quick. It was too high." A few moments later counsel again inquired why she did not go over the bank instead of running to the north. This question was objected to as being incompetent, irrelevant and immaterial, and the objection was sustained. The defendant predicates error on account of this ruling. We think that while the objection as interposed was not a valid objection, nevertheless there was no prejudicial error in the ruling, for the reason that the question was a repetition of one that just previously had been asked and answered. Defendant further complains because the court permitted certain impeaching questions to be answered by the witnesses Martineson and Smith. These witnesses were police officers. On the afternoon of the day of the accident, Ready, the driver of the truck, talked with these officers about the accident. Ready was called as a witness on behalf of the defendant. He gave his version of the facts with respect to the accident. Under cross-examination by the plaintiff he was asked whether he had not stated to Martineson and Smith that he was "speeding" at the time of the accident and that he did not see the plaintiff "until the truck was on top of her." He denied making these statements. The cross-examination was relevant and proper. Subsequently the plaintiff called Martineson and Smith and inquired categorically whether at the time and place in question Ready had made such statements to them. Defendant objected on the ground that no foundation had been laid for such impeaching questions and the objections were overruled and the witnesses permitted to answer.

Clearly there was no error in these rulings on the part of the court. The cross-examination was relevant, the foundation was laid as to time and place and persons to whom the statements were made, and there was a direct and positive denial.

Lastly, the defendant predicates error on account of certain instructions given. The defendant's complaint is directed against that part of the charge dealing with the duty of the driver of an automobile in his use of the road. The court charged as to the rules of the road and particularly respecting the duty of the driver of an automobile as to the portion of the road where, the manner in which, and the speed at which the same should be driven, and quoted certain sections of the ordinance of the city of Bismarck with respect thereto. These sections were re-enactments of portions of chapter 162, Session Laws 1927, and comprised §§ 3, 4, 4b, 4(b)3, 4(b)7, and § 9 of that chapter. He further charged that the failure of the driver to observe these rules would be negligence but that if such failure in no way contributed to the injury or accident and was not the proximate cause thereof, there could be no liability on account of such negligence. The particular complaint of the defendant is that "The court set out all the street laws and city ordinances which in any way regulated the conduct of the driver of the automobile and failed to instruct the jury as to the conduct and duties of a pedestrian and instructed the jury absolutely contrary to the laws as set out in chapter 162, Session Laws 1927, which gave the laws and duties of a pedestrian." Section 18, chapter 162, Session Laws 1927, reads:

"The driver of any vehicle upon a highway within a business or residence district shall yield the right of way to a pedestrian crossing such highway within any clearly marked crosswalk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of a block, . . . Every pedestrian crossing a highway within a business or residence district at any point other than a pedestrian crossing, crosswalk or intersection shall yield the right of way to vehicles upon the highway."

The point of defendant's contention is that under the facts as disclosed by the evidence the instruction complained of in effect negatived the provisions of the statute above quoted. We think, however, that this contention is not tenable. Plaintiff was entitled to use the highway

142

in question subject to the rules of the road. In traveling it she was required to observe these rules as to the side where she walked and with respect to the care she exercised when meeting vehicles thereon. If necessary for her to do so she was required to yield the right of way. According to her testimony, which apparently the jury found to be truthful, she was on the side of the road where she had a right to be. It is true that she attempted to cross, but she did so only because she was seeking to escape from the on-coming truck about to run her down on her side of the highway. In fact she tried to yield the right of way to the truck. The court properly might have elaborated his instructions with respect to her rights and duties. However, in the absence of requests from the defendant, and he made none, the instructions as given were sufficient.

The judgment is affirmed.

BURKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.